MICHAEL J. NADER, SBN 200425
michael.nader@ogletreedeakins.com
PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Tel.: 916-840-3150 / Fax: 916-840-3159

Attorneys for Defendants GRUNDFOS PUMPS MANUFACTURING CORPORATION; GRUNDFOS AMERICAS CORPORATION; GRUNDFOS CBS, INC.; GRUNDFOS PUMPS CORPORATION; AND GRUNDFOS US HOLDING CORPORATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| RYAN SMITH, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GRUNDFOS PUMPS MANUFACTURING CORPORATION, a California corporation; GRUNDFOS AMERICAS CORPORATION, a California corporation; GRUNDFOS CBS, INC., a Delaware Corporation; GRUNDFOS PUMPS CORPORATION a California corporation; GRUNDFOS US HOLDING CORPORATION a California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO U.S. DISTRICT COURT UNDER 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**<br><br>*[Fresno County Superior Court Case No. 20CECG00674]*<br><br>Action Filed:　　February 24, 2020<br>Action Amended:　February 18, 2021<br>Trial Date:　　　None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

　　**PLEASE TAKE NOTICE THAT** Defendants GRUNDFOS PUMPS MANUFACTURING CORPORATION; GRUNDFOS AMERICAS CORPORATION; GRUNDFOS CBS, INC.; GRUNDFOS PUMPS CORPORATION; AND GRUNDFOS US HOLDING CORPORATION ("Defendants") remove the above-captioned action from the Superior Court of the State of California for the County of Fresno to the United States District Court for the Eastern District of California

pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 because the action filed by Plaintiff presents a federal question by alleging that Defendants violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, et seq.).

## I. THE STATE COURT ACTION

1. On or about February 24, 2020, Plaintiff filed an action entitled "*RYAN SMITH, individually, and on behalf of other members of the general public similarly situated v. GRUNDFOS PUMPS MANUFACTURING CORPORATION, a California corporation; GRUNDFOS AMERICAS CORPORATION, a California corporation; GRUNDFOS CBS, INC., a Delaware Corporation; GRUNDFOS PUMPS CORPORATION a California corporation; GRUNDFOS US HOLDING CORPORATION a California Corporation; and DOES 1 through 10, inclusive"*, in Fresno County Superior Court, Case Number *20CECG00674* (the "Complaint"). The Complaint asserts the following causes of action: alleging wage and hour claims under California law: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1 and 1198 (Unpaid Minimum Wages); (3) Violation of California Labor Code § 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods); (4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods); (5) Violation of California Labor Code §§ 226(a), 1174(d) and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records); (6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment); (8) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses); (9) Violation of California Business & Professions Code §§ 17200 *et seq.* (Unlawful Business Practices); and (10) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On May 5, 2020, Defendants filed and served their Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**.

3. On or about August 19, 2020, Plaintiff filed a Joint Stipulation for an Order Granting Plaintiff Leave to File First Amended Complaint ("FAC") against Defendants, adding one cause of

action for Civil Penalties under the Private Attorneys' General Act ("PAGA"), Labor Code §§ 2698, *et seq.* The Court granted leave on or about August 20, 2020, adopting the FAC as the operative complaint in this matter. True and correct copies of the Joint Stipulation (with the FAC) and the Court's Order granting the filing of same are attached hereto as **Exhibit C**.

4. Defendants timely filed an Answer to Plaintiff's FAC in state court on September 21, 2020. A true and correct copy of Defendants' Answer to Plaintiff's FAC is attached hereto as **Exhibit D**.

5. On or about February 16, 2021, Plaintiff filed a Joint Stipulation for an Order Granting Plaintiff Leave to File Second Amended Complaint ("SAC") against Defendants, adding one cause of action under federal law for failure to pay overtime under the Fair Labor Standard Act ("FLSA") and its corresponding regulations, 29 U.S.C. §§ 207(a) and 215(a). The Court granted leave on or about February 18, 2021, adopting the SAC as the operative complaint in this matter. True and correct copies of the Joint Stipulation (with the SAC) and the Court's Order granting the filing of same are attached hereto as **Exhibit E**.

6. Defendants timely filed an Answer to Plaintiff's SAC in state court on March 09, 2021. A true and correct copy of Defendants' Answer to Plaintiff's SAC is attached hereto as **Exhibit F**.

## II. REMOVAL IS TIMELY

7. A defendant in a civil action has thirty (30) days from the date of receipt, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable to federal court. 28 U.S.C. § 1446(b).  Removal is timely here because the SAC was deemed filed and served as of February 18, 2021, and removal is taking place within thirty days of that date.

## III. FEDERAL QUESTION JURISDICTION

8. This action is properly removable under 28 U.S.C. §1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Unites States."

9. Plaintiff's SAC pleads that Defendant violated the FLSA, specifically 29 U.S.C. §§ 207(a) and 215(a) for allegedly failing to pay overtime. (Exhibit E, SAC ¶¶ 59-72). By asserting claims under federal law, specifically the FLSA, Plaintiff's SAC asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a). It is well established that actions brought under the FLSA are removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695–697, 700 (2003) (claim for alleged violation of the FLSA provides basis for federal question removal).

10. Plaintiff also asserts claims based on California law for overtime, failure to authorize and permit uninterrupted duty free meal periods, failure to authorize and permit paid rest breaks, failure to provide accurate itemized wage statements, and violation of California's unfair competition law. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims because the state law claims are based on the same common nucleus of operative facts as Plaintiff's FLSA claim. See *Rivera v. Rivera*, 2011 WL 1878015, at *2 (N.D. Cal. May 17, 2011) (court found supplemental jurisdiction existed over plaintiff's California Labor Code and UCL claims based on court's federal question jurisdiction over FLSA overtime claim). Further, Plaintiff's state law claims do not involve any novel or complex issue of state law, do not substantially predominate over the FLSA claim, and no exceptional or compelling circumstances exist for this Court to decline jurisdiction. 28 U.S.C. § 1367(a). Pursuant to 28 U.S.C. § 1441(c), whenever a claim or cause of action is brought under a federal law for which this Court has original jurisdiction, and is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed.

**IV.     VENUE**

11. Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), this case may properly be removed to the Eastern District of California because Plaintiff filed this case in the Superior Court of California, County of Fresno. Additionally, Defendants are informed and believe that the events allegedly giving rise to this action occurred within this judicial district.

V. **SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446**

12. In accordance with United States Code, Title 28, § 1446(a), true and correct copies of all process, pleadings, and orders filed by and/or served upon Defendants are attached hereto as Exhibits A – F. As required by 28 U.S.C. §1446(b), this Notice of Removal was filed within 30 days after the filing of the SAC. And as required by 28 U.S.C. §1446(d), Defendants will provide notice of this removal to Plaintiff through his attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California, for the County of Fresno.

VI. **CONCLUSION**

13. For the reasons set forth above, Plaintiff's claims are properly removable under 28 U.S.C. §§ 1331, 1367, 1441, and 1446 because the SAC raises claims under the laws of the United States over which this Court has original jurisdiction, including specifically, claims asserted under the FLSA, 29 U.S.C. § 206, *et seq*. Accordingly, Defendants respectfully request that the action now pending against it in the Superior Court of California, County of Fresno, be removed to this Court.

14. In the event this Court has a question regarding the propriety of this Notice, Defendants request the Court set an evidentiary hearing so that they may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  March 10, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Paul M. Smith
Michael J. Nader
Paul M. Smith

Attorneys for Defendants GRUNDFOS PUMPS MANUFACTURING CORPORATION; GRUNDFOS AMERICAS CORPORATION; GRUNDFOS CBS, INC.; GRUNDFOS PUMPS CORPORATION; AND GRUNDFOS US HOLDING CORPORATION